UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PNC Equipment Finance, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Reginald D. Fowler,<br><br>Defendant. | Case No. 1:14-cv-00436-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Plaintiff PNC Equipment Finance, LLC's Motion for Attorney's Fees and Costs (Dkt.9) seeking $2,850 from Defendant Fowler. The motion was filed on February 27, 2015, and there has been no timely response—or any response at all. For the reasons stated below, the motion will be granted.

## BACKGROUND

Fowler defaulted under the terms of a note and mortgage entered into with PNC. Fowler was properly served in this action but failed to answer or otherwise defend himself. After the appropriate time period expired, default judgement was entered against him. Dkt.6. This motion to recover attorney's fees and costs followed.

## LEGAL STANDARD

For the Court to award attorney's fees, they must be authorized either by the underlying contract or by statute. *Allison v. Biggs*, 826 P.2d 916, 917 (Idaho 1992). Here,

MEMORANDUM DECISION AND ORDER - 1

attorney's fees were authorized both by contract and by statute. When determining what fees are reasonable under either a contract or statute "a district court should calculate [a] reasonable hourly rate according to the prevailing market ranges in the relevant community . . . which typically is the community in which the district court sits." *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 906 (9th Cir.1995).

## ANALYSIS

As a direct result of Fowler's default under the terms of the guaranty, PNC was required to retain the services of Hawley Troxell Ennis & Hawley LLP, of Boise, Idaho, to prosecute this action on its behalf. Under the terms of the note, as well as Idaho Code§ 12-120(3) and§ 12-121, PNC is entitled to recover its costs and reasonable attorneys' fees incurred for the prosecution of this action.

The terms of the note specifically state that "borrower agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and legal expenses, incurred in connection with the enforcement of this Note… ." Dkt.1, Exhibit A, pg. 2. Pursuant to Idaho Code§ 12-120(3) and§ 12-121, the prevailing party in any civil action seeking to "recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods" (I.C. § 12-120(3)) that arises out of a commercial transaction shall be awarded reasonable attorney's fees. A commercial transaction is defined as any "transactions except transactions for personal and household purposes." *Id.*

PNC submitted documents in support of their attorney fee request, including an Affidavit of counsel and timekeeping records. Dkt.9-1. The Court has reviewed the documents and concludes that the services identified, hours spent, and rates per hour billed are reasonable. The Court finds that the reasonable attorney fees to which PNC is entitled totals $2,097.00.

In addition, PNC request $400 in filing fees, as well as service fees and costs. Plaintiffs are entitled to their filing fees of $400, and any service fees under Dist. Idaho Loc. Civ. R. 54.1(c)(1); 28 U.S.C. §1920. In this case, the service fee was $345. PNC requests the additional discretionary cost of $8 pursuant to the terms of the guarantee. All fees and cost are supported by documents provided by Counsel's affidavit. Dkt.9-1.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Attorney's Fees and Costs (Dkt.9) is **GRANTED**. Defendant shall pay Plaintiff $2,097.00 in attorney fees and $753.00 in costs for a total judgment of $2,850.00.

2. Judgment will be entered separately in accordance with Fed. R. Civ. P. 58.

DATED: July 13, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court